## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEMARCUS THOMAS,

     **Plaintiff,**

v.

BRINK'S INCORPORATED,

     **Defendant.**

Civil Action File No.

**FAIR LABOR STANDARDS
ACT COLLECTIVE ACTION**

**JURY TRIAL DEMAND**

## COMPLAINT

COME NOW, Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter FLSA) for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees on the grounds set forth below:

## JURISDICTION AND VENUE

### 1.

The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

### 2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants conduct business in the Northern District of Georgia.

## PARTIES

3.

Plaintiff DeMarcus Thomas worked as a messenger and driver who was denied overtime compensation during the terms of his employment.

4.

Plaintiff brings this action on behalf of himself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

5.

Defendant Brink's Incorporated, is a foreign profit corporation doing business in Georgia and may be served upon its registered agent for service of process, CT Corporation, at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

6.

Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

7.

Defendant and its agents set the terms and conditions of employment for the Plaintiff, including the decision not to pay Plaintiff his overtime.

## FACTUAL ALLEGATIONS

8.

Upon information and belief, Defendant has in the past and currently employs over 50 employees.

9.

Plaintiff seeks to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

10.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

11.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

12.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

13.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

14.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

15.

From approximately August 19, 2014 to the present time, Defendant required Plaintiff to work in excess of 40 hours per workweek.

16.

From approximately August 19, 2014 to the present time, Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which he is employed.

17.

Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. § 207.

18.

Defendant is liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## COUNT I
## (CLAIM FOR RELIEF UNDER FLSA § 207)

19.

The above facts support Plaintiff's claims for relief under the FLSA.

20.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

21.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff federally-protected rights.

**WHEREFORE,** the Plaintiff requests this Court:

- 5 -

(a)    Take jurisdiction of this matter;

(b)    Permit this case to proceed as an FLSA collective action under 29 U.S.C. §

216 for Plaintiffs who elect to participate in this action by filing proper

written notice with the Court;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)    Award to Plaintiff and to each member of the opt-in class payment for each

overtime hour worked in the three years preceding the filing of this

Complaint, calculated at one and one-half times the normal rate,  liquidated

damages equaling 100% of overtime due each class member, and

prejudgment interest on all amounts owed, as required by the FLSA;

(e)    Issue a declaratory judgment.

(f)    Award Plaintiff his attorney's fees and costs; and

(g)    Award any other such further relief this Court deems just, equitable and

proper.

## **JURY DEMAND**

Plaintiff herein requests trial by jury of all issues in this action.

This 4th day of December, 2015.

**PANKEY & HORLOCK, LLC**

By:     /s/Larry A. Pankey
        Larry A. Pankey
        Georgia Bar No. 560725
        Attorneys for Plaintiff

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia  30338-4122
Phone 770-670-6250
Fax     770-670-6249
lpankey@pankeyhorlock.com

## **CERTIFICATION OF FONT SIZE**

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff DeMarcus Thomas, hereby certifies that **PLAINTIFF'S COMPLAINT** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

**PANKEY & HORLOCK, LLC**

By: /s/ Larry A. Pankey
  Larry A. Pankey
  Georgia Bar No. 560725
  **Attorneys for Plaintiff**

1441 Dunwoody Village Parkway, Suite 200
Atlanta, Georgia 30338-4122
770-670-6250
770-670-6249 (fax)
lpankey@pankeyhorlock.com