**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISON**

| | |
|---|---|
| **DEMARCUS THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.** |
| **BRINK'S INCORPORATED,** | ) **1:15-CV-04224-SCJ** |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND**
**DISMISSAL WITH PREJUDICE**

Plaintiff DeMarcus Thomas and Defendant Brink's Incorporated ("Brink's")

hereby request approval of the Parties' executed Settlement Agreement.[1]  Because

Plaintiff's action arises under the Fair Labor Standard Act ("FLSA"), the Parties'

settlement must be approved by this Court.   A proposed order is attached as

Exhibit B.

**I.     Legal Principles**

There are two primary ways in which claims under the FLSA can be settled

and released by employees.  First, 216(c) of the FLSA allows employees to settle

---

[1] The Parties have voluntarily entered into a settlement agreement to resolve all claims and issues between them, including all claims in the instant lawsuit under the FLSA.  A copy of the settlement agreement is attached as Exhibit A.

and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the fairness of the settlement.  *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## II.   Court Approval of this FLSA Settlement is Warranted

Here, this Court may properly approve the settlement between the Parties to resolve and release Plaintiff's FLSA claim against Brink's.   The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.   During the litigation and settlement of this action, Mr. Thomas and Brink's were represented by experienced counsel.

The Parties agreed that the instant action involved disputed issues. Plaintiff's Complaint alleges a claim for unpaid overtime under the FLSA.   Brink's contends, however, that during Mr. Thomas's employment that Brink's fully paid Mr. Thomas for all wages (including overtime) owed for all hours worked for Brink's, and denies that it owed any further amounts as alleged in this lawsuit.

Both Parties agree, as memorialized in the Settlement Agreement, that Mr. Thomas was an exempt employee under Section 13(b)(1) of the FLSA (the Motor Carrier Exemption), because in the course of his job, he substantially and regularly affected the safety of the operation of motor vehicles with a gross vehicle weight rating in excess of 10,001 pounds in transportation on public highways in interstate commerce.   The parties disagree, however, about whether and to what extent Mr. Thomas ever drove light vehicles (i.e., vehicles with a gross vehicle weight rating

of less than 10,001 pounds) during his employment, which would potentially affect the applicability of the Motor Carrier Exemption for any week in which Mr. Thomas drove a light vehicle.

Therefore, to avoid the expenses, distractions, and uncertainties associated with litigation, the Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent interests and calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. The Parties also resolved Plaintiff's recovery separate and apart from attorney's fees/costs. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Conclusion

The parties respectfully request that this Court approve their Settlement Agreement and dismiss the instant action as well as any and all other pending claims between them with prejudice.

Respectfully submitted this 17th day of November, 2016.


*/s/ Larry A. Pankey\**
Larry A. Pankey
Georgia Bar No. 560725
lpankey@pankeyhorlock.com
PANKEY & HORLOCK, LLC
1441 Dunwoody Village Parkway
Suite 200
Atlanta, GA 30338
770.670.6250
770.670.6249 Facsimile

**COUNSEL FOR PLAINTIFF**

*\*signed with express permission*

*/s/ C. Garner Sanford*
C. Garner Sanford
Georgia Bar No. 005020
garner.sanford@ogletreedeakins.com
A. Craig Cleland
Georgia Bar No. 129825
craig.cleland@ogletreedeakins.com
Amy E. Jensen
Georgia Bar No. 874759
amy.jensen@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street NE, Suite 4800
Atlanta, GA  30303
Telephone: 404.881.1300
Facsimile: 404.870.1732

**COUNSEL FOR DEFENDANT**

26849682.1